# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-11098 - WRS |
| | Chapter 13 |
| SHIRLEY T LUNSFORD, | |
| Debtor. | |

### MEMORANDUM DECISION

This Chapter 13 case came before the Court on Creditor Crystal Smith's Motion to Reconsider[1] an order sustaining the Trustee's Objection to Claim. (Docs. 16, 17, 19). The case was called for hearing on January 11, 2006, at the United State Bankruptcy Court in Dothan, Alabama. Crystal Smith (hereinafter "Smith") and the Chapter 13 Trustee, Curtis C. Reding, were present at the hearing. For the reasons set forth below, Smith's Motion to Reconsider is due to be DENIED. (Doc. 19).

### A. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Furthermore, because the allowance or disallowance of a claim against the bankruptcy estate is at issue, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

---

[1] On November 10, 2005, Smith filed a document indicating that it was a response to the Trustee's Objection Claim. (Doc. 19). It appears that Smith's response to the Trustee's Objection to Claim was lost for a short period of time and later found. Meanwhile, an order was entered on November 15, 2005, sustaining the Trustee's Objection to Claim because the Court and Clerk's Office was under the impression that no response had been filed by Smith. (Doc. 17). For purposes of the January 11 hearing and this Memorandum Decision, the Court will treat Smith's response as a motion to reconsider.

B. Discussion

Bankruptcy Rule 3002(c) sets forth the time parameters for the filing of proofs of claims in cases under Chapter 7, 12, and 13 of the Bankruptcy Code. Aside from certain listed exceptions, none of which are applicable in this case, Rule 3002(c) provides that "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code . . . ." Essentially, Rule 3002(c) specifies in unambiguous language that a proof of claim must be filed in chapter 7, 12, or 13 cases within 90 days after the first date set for the meeting of creditors.

In this case, the § 341(a) meeting of creditors was first set on June 28, 2005[2]. Smith did not file her proof of claim[3] until September 28, 2005. As the last date for timely filing of claims in this case was on September 26, 2005, Smith's claim was filed two days late. At the January 11 hearing and in her Motion to Reconsider, Smith did not explicitly use the terms "excusable neglect." However, the Court will interpret the substance of her motion as raising such an argument to extend the time for filing her proof of claim. Smith asserts that "she was under the impression that [she] was supposed to turn in the claim form 90 days after [the date of June 28, 2005]." Smith mistakenly calculated the ninety (90) day period by just taking the same day of the month three months later. However, this unfortunately was an error that Smith made as she neglected to realize that the months of July and August both consist of thirty-one (31) days.

---

[2] The Court's records reflect that Smith received timely and proper notice of the bankruptcy case. (Doc. 8). Moreover, notice of the bankruptcy was not brought into issue at the January 11 hearing.

[3] Smith filed her proof of claim, nominated #4, in the amount of $3,000.00.

The Court recognizes that Smith made an error in the calculation of the time period and sympathizes with her position. On the other hand the Bankruptcy Rules expressly dictate the result of a disallowed claim in this instance. It is well settled that excusable neglect cannot be used to extend the 90-day deadline for filing claims in cases under Chapter 7, 12, and 13 of the Code. Bankruptcy Rule 9006(b)(3) provides that a bankruptcy court may enlarge the time period set forth in Rule 3002(c) "only to the extent and under the conditions stated in those rules." Excusable neglect is absent among the circumstances listed in Rule 3002(c) for expansion of the ninety (90) day deadline for filing proofs of claims. See In re: Idaho Norland Corporation, 158 B.R. 497, 498 (Bankr. D. Idaho)(Rule 3002(c) identifies six circumstances where a late filing is allowed and excusable neglect is not among them. Thus, the 90-day deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect)(citing In re: Coastal Alaska Lines, Inc., 920 F.2d 1428, 1432 (9th Cir. 1990); In re: Griggs, 306 B.R. 660, 664 (Bankr. W.D. Miss. 2004)("Rule 9006(b)(3) limits the court's discretion in enlarging the time to file a proof of claim in a Chapter 13 proceeding to the exceptions enumerated in Rule 3002(c)(1)-(5), none of which authorizes the filing of a late claim on grounds of 'excusable neglect.' Therefore, 'excusable neglect' is not a basis for allowance of late claims in Chapter 13); In re: Jones, 154 B.R. 816, 818 (Bankr. M.D. Ga. 1993)(the 90-day deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect); see also In re: Griggs, 306 B.R. 660, 663 (Bankr. W.D. Mo. 2004)('deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality')(quoting Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)).

## C. Conclusion

For the reasons explained above, the Court determines that it is without discretion and under the plain language of Rule 3002(c), it cannot accept Smith's invitation to expand the ninety (90) day deadline for filing her proof of claim. The Court will enter a separate order denying Smith's Motion to Reconsider. (Doc. 19).

Done this 12th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtor
Michael D. Brock, Attorney for Debtor
Curtis C. Reding, Trustee
Crystal Smith, Creditor